Samuel A. Spiegel, J.
This matter was referred to a Special Referee of this court who conducted hearings and filed his report. He found that the irregular votes cast at the election were insufficient to affect the outcome of the election. The court is in accord with this finding and thus rules that a new election is not warranted.
However, the court takes note of the Referee’s recommenda *513 tion of a new election based on the fact that none of the inspectors of election, neither Democratic nor Republican were properly designated, nor qualified. Applications for their appointment were not forwarded to the respective county committees and were not authenticated by that body as required by section 40 of the Election Law. Nor did they take and subscribe the oath nor receive a certificate of appointment as mandated by section 44 of said law.
In the interest of justice and fairness the court may overlook the lack of strict compliance with the statute in a proper case if no one will be prejudiced thereby and the normal election process will not be unduly upset. The court finds this to be the case here where there is no showing whatsoever that the lack of strict compliance with the statute had any effect on the outcome of the election. Therefore, the court will not disenfranchise the electorate by refusing to validate this election.
Nevertheless, the court takes this opportunity to warn all party and election officials of the deviousness of such a situation. Here, there was not the slightest attempt to conform with the provisions of the Election Law in the appointment of any of the inspectors in any of the districts. To insure that elections will be conducted in a fair and orderly manner, both parties should materially conform or attempt to conform with the provisions of the Election Law. This is not a situation where an emergency arose and persons were needed to act as inspectors in an emergency or were drafted at the eleventh hour or upon a moment’s notice.
Election Laws should not be completely discarded nor disregarded and thus rendered nugatory or meaningless. Inspectors have an important role to play in every election to insure fair play. They are entrusted with this responsibility and obligation. Section 40 requiring them to obey certain mandates of the Election Law should not be permitted to be defied. Those who did act as inspectors were neither checked nor verified as to their experience, character, compliance with requirements and background.
This decision will serve to place party leaders and election officials on notice that this practice will no longer be overlooked, nor will the court treat this matter lightly when such a flagrant disregard of the law is committed.
To allow such a situation to continue without check would be to encourage the conduct of elections by those who may be *514 unqualified or unequipped to properly fulfill their duties. It could possibly permit thugs, criminals, undesirables and persons otherwise ineligible to run the elections as representatives of the Board of Elections. There is no allegation to that effect here and thus no basis for a new election exists. However, the fact is that such a situation could easily prevail unless tighter control is exercised in the selection of inspectors.
If our democratic system of free and fair elections is to be meaningful, such callous disregard of the electoral process must be eliminated. The courts should examine all future elections with extremely close scrutiny to insure the integrity of the electoral process by qualified inspectors.
Thus, the court concurs with the Referee’s concern relating to the conduct of the present election. However, in the present circumstances, it does not find sufficient cause to warrant a new election. Accordingly, the Referee’s recommendation to that effect is not accepted and the petition is dismissed.
Settle order.